# United States Court of Appeals
### *for the*
# Fifth Circuit

Case No. 25-60589

JOHN DOE,

*Plaintiff,*

v.

JANE ROE,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, JACKSON

## REDACTED VERSION OF [45-1] APPELLEE'S RESPONSE IN OPPOSITION TO MOTION TO SEAL RECORD ON APPEAL AND APPEAL BRIEFS

DANIEL M. PETROCELLI
MEGAN K. SMITH
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Eighth Floor
Los Angeles, California 90067
(310) 553-6700
dpetrocelli@omm.com
megansmith@omm.com

ERIC AMDURSKY
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025
(650) 473-2600
eamdursky@omm.com

JONATHAN D. HACKER
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
jhacker@omm.com

R. DAVID KAUFMAN
M. PATRICK MCDOWELL
JACOB A. BRADLEY
BRUNINI GRANTHAM GROWER &
   HEWES, PLLC
P.O. Drawer 119
Jackson, Mississippi 39205
(601) 948-3101
dkaufman@brunini.com
pmcdowell@brunini.com
jbradley@brunini.com

*Attorneys for Plaintiff-Appellee John Doe*

No. 25-60589

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**JOHN DOE**

*Plaintiff – Appellee*

**v.**

**JANE ROE**

*Defendant - Appellant*

---

On Appeal from the United States District Court
for the Southern District of Mississippi,
No. 3:24-CV-547-HTW-LGI
District Judge Henry T. Wingate

---

## APPELLEE'S RESPONSE IN OPPOSITION TO MOTION TO SEAL
## RECORD ON APPEAL AND APPEAL BRIEFS

## Certificate of Interested Persons

No. 25-60589

*John Doe v. Jane Roe*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Defendant-Appellant

Jane Roe

*Represented by*

WATSON & NORRIS PLLC
Louis H. Watson, Jr.
Robert N. Norris
Jane A. Watson
4209 Lakeland Drive #395
Flowood, MS 39232-9212

WIGDOR LLP
Douglas H. Wigdor
Jeanne M. Christensen
85 Fifth Avenue, Fl. 5
New York, NY 10003

HB ADVOCATES PLLC
Hayley H. Baker
1831 12th Ave. S.
Nashville, TN 37203

Plaintiff-Respondent



*Represented by*

BRUNINI, GRANTHAM, GROWER & HEWES PLLC
R. David Kaufman
M. Patrick McDowell
Jacob A. Bradley
P.O. Drawer 119
Jackson, MS 39205

O'MELVENY & MYERS LLP
Daniel M. Petrocelli
Megan K. Smith
1999 Avenue of the Stars, Eighth Floor
Los Angeles, CA 90067

Eric J. Amdursky
2765 Sand Hill Road
Menlo Park, CA 94025

Jonathan D. Hacker
1625 Eye Street, NW
Washington, DC 20006

By:    */s/  R. David Kaufman*
        R. David Kaufman

        *Attorney of Record for Respondent*

Appellant Jane Roe intends to ask this Court to reverse the district court's order denying her motion for a protective order to proceed pseudonymously and to prevent use of her name in this proceeding.  *See* Dist. Ct. Dkt. 70 (the "Order").[1] But her Motion to Seal the Record on Appeal requests even more sweeping relief: to seal the entire appellate record and forthcoming briefs—wholly concealing this appeal from public view.[2]  Dkt. 26 (the "Motion").

Ms. Roe's extraordinary request violates the First Amendment and lacks any support in Fifth Circuit law.  The Court should deny it.

Nevertheless, without prejudice to his forthcoming merits opposition, Respondent ▮▮▮▮▮ does not oppose a limited version of Ms. Roe's alternative request: during this interim appeal, Ms. Roe's legal name should be publicly redacted and filed under seal in unredacted briefs.  Upon affirmance of the Order, those briefs should be unsealed and the case caption updated.

---

[1] Ms. Roe's Motion cites but does not provide the Order.  *See* Fed. R. App. P. 27(a)(2)(B)(i).  A copy of the Order is therefore attached to this Response.

[2] On November 18, 2025, the Court's text-entry order changed the docketing of Ms. Roe's motion from "to place the record on appeal under seal" to "to place brief under seal."  Mr. ▮▮▮ understands that Ms. Roe's motion expressly asks that both "the Record on Appeal" and "the briefs filed in connection with this appeal" be held under seal.  Motion at 5-6 (requesting permission to "file the Record on Appeal under seal and for an order that the briefs filed in connection with this appeal are filed under seal").

**Relevant Background**

███████, a ████████████████, sued Ms. Roe in the court below to stop her extortionate scheme to defame and injure him with false claims of sexual misconduct. Mr. █████ initiated this action using fictious names for both parties and, concurrent with the filing of his Complaint, asked the district court to permit both parties to proceed pseudonymously. Order at 4. Ms. Roe opposed Mr. █████ request for reciprocal pseudonymity, insisting instead that the district court reveal his identity. *Id.* at 4-5. She even offered "to proceed using her name" if that would convince the district court to deny Mr. █████ request. *Id.* at 5. Ms. Roe also threatened to file her own lawsuit in California against Mr. █████ using his real name, but stated she would wait for the district court to first decide the pseudonymity issue. *Id.* Just two days later, however, and before the court below took any action, Ms. Roe sued Mr. █████ in California on October 3, 2025, using his true name and referring to the Mississippi case by its case name and docket number. *Id*. at 5-6.

Mr. █████ also alleges that Ms. Roe leaked her California lawsuit to the press to further harm him. *See id.* at 6. News outlets received unfiled versions of her complaint; CNN even published a story about Ms. Roe's lawsuit *before* the California complaint became available on a public docket. *See id.* Ms. Roe's actions thus led the public to identify her and Mr. █████ as parties to the lawsuits, *see id.*, effectively mooting the not-yet-fully-briefed pseudonymity motion in Mississippi.

-2-

Mr. ███ filed an amended complaint on October 8, 2025, using both parties' true names, just as Ms. Roe had earlier proposed to litigate. *Id.* at 6.

In an about-face, Ms. Roe filed an "emergency motion to temporarily seal the amended complaint," demanding anonymity for herself in the district court proceeding. *Id.* at 7. Mr. ███ opposed the motion because, among other reasons, Ms. Roe disclosed her own identity by pleading facts in the California action that revealed her true name. Ms. Roe included details specifying her state of residence, recounted her longstanding status as a ██████████████ to Mr. ███, noted that she had received "numerous credits on advertising campaigns," and referenced the pending Mississippi case. *Id*. at 5, 6-7.

On October 18, 2024, the district court held a public hearing on the emergency motion, which was conspicuously attended by news reporters and other members of the public. *Id*. at 8. Ms. Roe did not ask to close the hearing to the public, nor did she contemporaneously object to the use of her name in open court and in public filings submitted in advance of the hearing. *Id.* What's more, Ms. Roe filed documents on the public docket in the California lawsuit that revealed her own name, which Mr. ███ attorneys brought to the district court's attention in this matter several days later. *Id.* at 9.

On October 18, 2024, the district court temporarily placed the record under the "restricted" level of sealing so case participants, but not the public, could access

the record and the identifications of the parties. *See id.* at 8. The district court held an additional hearing on October 22, 2024, considering a supplementary affidavit with exhibits from Ms. Roe. *Id.* The court also considered supplementary briefs from both parties regarding Ms. Roe's waiver of her own anonymity. *Id.* at 8-9. A few weeks later, Ms. Roe filed a Motion for Protective Order to Proceed Pseudonymously, arguing that the district court should order Mr. ███ to cease use of her legal name in all filings and use only the name "Jane Roe" instead. *Id.*

On September 24, 2025, the district court issued a 22-page ruling that correctly denied Ms. Roe's motions. *Id.* at 21. In a thorough decision, the district court carefully considered each factor this Court requires when determining whether a party may contravene the default rule against litigating pseudonymously. *Id.* at 9-18. On the most relevant factor, the court concluded that "[t]he proverbial 'cat' is already 'out of the bag'" in part because of "Ms. Roe's alleged involvement in leaking a detailed and graphic account of this story to the press," because her California "complaint is quite specific and lines up with Ms. Roe's public profile," because she publicly filed her own name on the public docket in California, and because she allowed her true name to be publicly available on the Mississippi docket for ten days and used at public hearings. *Id.* at 14-15. After considering the other factors and Ms. Roe's waiver of her own anonymity, the Court found that this is not an "exceptional case[]" and denied the motions. *Id.* at 18.

Ms. Roe collaterally appeals that ruling and now requests that the entire appellate record be sealed from public view. This Court has temporarily sealed the docket until it resolves the Motion.

## Argument

Mr. ████ respectfully submits that, once this Court reviews the merits of this appeal, it will affirm the district court's decision. The district court's order carefully considered all necessary factors and correctly determined that Ms. Roe must litigate using her true name, consistent with the default federal rule.

The more immediate issue presented by Ms. Roe's Motion should be even simpler to resolve: whether this Court should conceal Ms. Roe's entire appeal from public view. The question virtually answers itself. Mr. ████ does not object to redacting Ms. Roe's name from filings until the appeal is resolved, but further sealing cannot be justified by her asserted privacy interest, and it contravenes the strong public interest in public access to legal proceedings. The Court should deny Ms. Roe's unqualified sealing request and limit redaction to the sealing of her name from public view.

### *Legal Standard*

"Judicial records belong to the American people; they are public, not private, documents." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quotation omitted). Public access to judicial records is grounded in the First

Amendment, *id.* at 520 n.5, and reflects an "interest in transparent court proceedings that is independent of the parties' interests," *id.* at 519. Maximizing transparency in legal proceedings "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system." *Id.* (quotations omitted). This Court thus "heavily disfavor[s] sealing information placed in the judicial record." *Id.* at 519-20; *see id.* a 521 (courts should be "ungenerous with their discretion to seal judicial records").

To overcome the "strong presumption of public access" to court records, a litigant seeking to seal records must "explain in particularity the necessity for sealing," a requirement not satisfied "by simply stating that the originating court sealed the matter." Dkt. 5 at 3. The Court will scrutinize the request, undertaking "a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *June Med. Servs.*, 22 F.4th at 521 (quotations omitted).

### *Ms. Roe's Extraordinary Request to Seal the Entire Record Is Overbroad and Unsupported*

There is no question that Ms. Roe's request to seal the entire record on appeal and all briefs filed in this case violates the First Amendment's strong presumption of public access to court proceedings.

Ms. Roe's apparent sole objection to disclosure of the district court record—and the only issue she preserved for appeal—is the use of her legal name in public

-6-

filings, as opposed to a pseudonym.  But her Motion requests relief far exceeding the nondisclosure of her name.  In seeking to seal "all filings" that may reveal her identity, Ms. Roe insists that each and every document in the Record on Appeal must be sealed.

That generalized sealing demand is the antithesis of the "document-by-document, line-by-line" showing she must make in support of her Motion.  *Id*. Unsurprisingly, Ms. Roe cites no precedent finding the sealing of an entire appellate record necessary to avoid disclosure of a litigant's true name.  Indeed, the most recent Fifth Circuit precedent she cites, *Sealed Appellant v. Sealed Appellant*, 2024 WL 980494 (5th Cir. Mar. 7, 2024), holds the opposite.[3]  In that case, the plaintiff

---

[3] Nor does Ms. Roe's citation without context to a footnote from *Doe v. Colony Ins. Co.*, 399 F. App'x 966, 967 n.1 (5th Cir. 2010), help her Motion.  The opinion Ms. Roe cites did not consider the propriety of pseudonymity or sealing.  *See generally id*.  And even if the footnote Ms. Roe cites did support the merits of her appeal (which Mr. ▮▮▮▮ disputes), it has no bearing on the immediate Motion.  *Id*.

Ms. Roe also cites without discussion three district court cases that she contends support her request to litigate pseudonymously.  But none of these cases addresses motions to seal the entire record, like Ms. Roe presently requests, and each authority is otherwise distinguishable.  *See* Motion at ¶ 13 (citing *Doe Williams v. Williams*, 2024 WL 2805642, at *5 (S.D. Miss. May 31, 2024) (permitting plaintiff to litigate pseudonymously primarily based on the intent of the federal statue plaintiff sued under); *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, 2022 WL 17070549, at *2 (M.D. La. Nov. 17, 2022) (permitting plaintiff to litigate pseudonymously in part because plaintiff challenged governmental activity); *Doe v. Trs. of Socorro Indep. Sch. Dist.*, 2018 WL 11471569, at *3 (W.D. Tex. June 25, 2018) (permitting plaintiff to litigate pseudonymously in part because plaintiff was a minor and challenged governmental activity)).

alleged that the defendant posted revenge pornography depicting the plaintiff online and moved to seal the entire case, citing the "nature and content of documents on file, the anticipated filing of exhibits depicting pornographic images and sexually-related texts and messages, and references in pleadings or materials on file to Plaintiff's family, including her daughter." *Id*. at *1 (quotation modified). The district court sealed the entire docket, including past and future filings, but later vacated that order after a First Amendment professor intervened and moved to unseal. The plaintiff appealed the latter ruling to this Court. *Id.* at *1-2.

On appeal, this Court agreed with the district court that the "case should not be sealed on a wholesale basis," and it remanded for consideration of particularized redactions. *Id*. at *3. Further, after issuing its opinion, the panel revisited its own earlier sealing order and concluded that the only portions of the appellate record to remain redacted included the plaintiff's name, address, photographs of her, and other personal identifying information. *A.B. v. Volokh*, No. 22-50707, Dkt. 130-1 at 2-3 (5th Cir. May 13, 2024). The panel ordered the parties to file unredacted briefs and directed the clerk to unseal the docket and update the case caption. *Id.*[4]

---

[4] The docket is now *A.B. v. Volokh*, No. 22-50707. The panel ordered the case caption to reflect the respondent's true name (which Mr. ████ similarly requests) and pseudonymized the appellant's name to preserve the issue for the district court on remand. *Id.*, Dkt. 130-1 at 3. Such preservation would be unnecessary here if the Court affirms the Order because the lower court has already decided the issue of pseudonymity.

Ms. Roe's request to seal the entire appellate record cannot be reconciled with *A.B.*  Like the appellant in *A.B.*, Ms. Roe does not and cannot justify forgoing particularized redactions in favor of sealing the appeal on a wholesale basis.  To the contrary, means less restrictive than wholesale sealing are adequate to avoid use of Ms. Roe's legal name in public filings pending resolution of this interim appeal.

This Court should deny the Motion, unseal the appellate docket, and update the case caption to ███████ *v. Jane Roe*.  The Court should also order that the parties must use Ms. Roe's legal name in filings made under seal and must redact her name in concurrent public filings.  Finally, the Court should order that upon affirmance of the district court's Order, the case caption will be updated to include Ms. Roe's legal name and the unredacted filings will be unsealed.

### Ms. Roe's Sexual Assault Allegations Do Not Automatically Entitle Her to a Sealing Order

As Ms. Roe acknowledges, "it is the exceptional case in which a party may proceed under a pseudonym."  Motion at ¶ 13.  This is not an exceptional case, and Ms. Roe does not argue otherwise.  Instead, she attempts to justify her sweeping sealing request with a generalized request for anonymity based on her alleged (but unproven) status as a victim of sexual assault.

Federal court litigants have no general right to proceed pseudonymously— and certainly not anonymously, which is what Ms. Roe's Motion requests.  The default rule is the opposite: Federal Rule of Civil Procedure 10(a) requires a

complaint to "name all the parties," and Federal Rule of Appellate Procedure 12(a) requires the circuit clerk to "identify the appellant, adding the appellant's name if necessary."

As shown above, this Court has long recognized that transparency in judicial proceedings—including litigants' identities—is "more than a customary procedural formality" because "First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). This Court has accordingly described specific factors that courts must consider—just as the court below did—when exercising discretion on pseudonymity requests, recognizing that only in "exceptional cases" will "the need for party anonymity overwhelm[] the presumption of disclosure mandated by procedural custom." *Id.*

Cases involving an alleged sexual assault victim are not *ipso facto* "exceptional" cases that warrant departure from the default rules of transparency in legal proceedings. Instead, courts require parties requesting exceptional treatment to make a particularized entitlement to pseudonymity protections and/or a sealed record, unlike the unsupported and generalized justifications Ms. Roe proffers in her Motion. *See, e.g.*, *Roe v. City of New York*, 2024 WL 4404186, at *4 (S.D.N.Y. Oct. 4, 2024) ("without evidence of her symptoms or corroboration from medical professionals of the [post-traumatic stress disorder] condition much less potential

exacerbation, her general allegation of potential further trauma is 'mere speculation' about a risk of psychological injury that cannot support her motion to proceed under a pseudonym."). Absent such a showing, courts routinely require litigants alleging sexual assault claims to proceed under their true names. *See, e.g.*, *Doe v. Sheely*, 781 F. App'x. 972, 974 (11th Cir. 2019) (explaining that, "although disclosure of the sexual assault would result in personal embarrassment, the disclosure did not involve information of the 'utmost intimacy' as this Court has defined it"); *Doe v. Alabama Dep't. of Corr.*, 2025 WL 942750, at *4 (M.D. Ala. Mar. 27, 2025) ("Courts often deny the protection of anonymity in cases where plaintiffs allege sexual assault.").

Ms. Roe has not made any such showing here. Mr. ██████ nevertheless recognizes that the whole point of her interim appeal is to determine whether she has a right to avoid disclosure of her true name in these legal proceedings. Mr. ██████ accordingly does not object to avoiding that disclosure *during this interim appeal* addressing precisely that issue. But that narrow interest does not justify redactions beyond her name—and certainly not the sealing of the entire appellate record.

## Conclusion

The Court should deny Ms. Roe's Motion. Alternatively, solely for purposes of this interim appeal, and without prejudice to his merits opposition, Mr. ██████ does not oppose a limited order requiring the parties to file public versions of their documents that redact only Ms. Roe's true name, and no other information.

Mr. ███ also respectfully requests that the Court: (1) unseal this appellate docket, since Ms. Roe's true name is not revealed anywhere in it, and (2) update the case caption to reflect Mr. ███ true name.

Dated:  November 24, 2025.

Respectfully submitted

By:  *R. David Kaufman*
    R. David Kaufman

**BRUNINI, GRANTHAM, GROWER & HEWES, PLLC**
R. David Kaufman, MSB No. 3526
dkaufman@brunini.com
M. Patrick McDowell, MSB No. 9746
pmcdowell@brunini.com
Jacob A. Bradley, MSB No. 105541
jbradley@brunini.com
P.O. Drawer 119
Jackson, MS 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

**O'MELVENY & MYERS LLP**
Jonathan D. Hacker
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Eric J. Amdursky
eamdursky@omm.com
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 473-2600

-12-

Facsimile: (650) 473-2601
Megan K. Smith
megansmith@omm.com
1999 Avenue of the Stars, Eighth Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700

*Counsel for Respondent* █████████

## Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 27 and 32(g), counsel for Plaintiff – Appellee certifies as follows:

1.     This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion contains 3,280 words, excluding the parts of the response exempted by Fed. R. App. P. 27.

2.     This response complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) because this motion has been prepared using Microsoft Office Word and is set in Times New Roman font in a size equivalent to 14 points or larger.

*/s/ R. David Kaufman*
R. David Kaufman

-13-

**Certificate of Service**

I certify that on November 24, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will provide notification of such filing to all CM/ECF participants.

/s/ R. David Kaufman
R. David Kaufman