# United States Court of Appeals

*for the*

# Fifth Circuit

Case No. 25-60589

JOHN DOE,

*Plaintiff,*

v.

JANE ROE,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, JACKSON

## APPELLEE'S MOTION TO EXPEDITE APPEAL AND GRANT CALENDAR PRIORITY

DANIEL M. PETROCELLI
MEGAN K. SMITH
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Eighth Floor
Los Angeles, California 90067
(310) 553-6700
dpetrocelli@omm.com
megansmith@omm.com

ERIC AMDURSKY
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025
(650) 473-2600
eamdursky@omm.com

JONATHAN D. HACKER
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
jhacker@omm.com

R. DAVID KAUFMAN
M. PATRICK MCDOWELL
JACOB A. BRADLEY
BRUNINI GRANTHAM GROWER &
   HEWES, PLLC
P.O. Drawer 119
Jackson, Mississippi 39205
(601) 948-3101
dkaufman@brunini.com
pmcdowell@brunini.com
jbradley@brunini.com

*Attorneys for Plaintiff-Appellee John Doe*

## Certificate of Interested Persons

No. 25-60589

*John Doe v. Jane Roe*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

<u>Appellant-Defendant</u>

Jane Roe[1]

*Represented by*

> THE WATSON LAW FIRM, PLLC
> Louis H. Watson, Jr.
> Jane A. Watson
> 1501 Jackson Ave. W. Suite 113, P.M.B. 101
> Oxford, MS 38655-2566
>
> WIGDOR LLP
> Douglas H. Wigdor
> Jeanne M. Christensen
> 85 Fifth Avenue, Fl. 5
> New York, NY 10003
>
> HB ADVOCATES PLLC
> Hayley H. Baker
> 1831 12th Ave. S.
> Nashville, TN 37203

---

[1] On February 24, 2026, this Court entered an order directing the parties to temporarily redact the parties' names and personally identifiable information from the record on appeal and briefs of the parties. Doc. No. 76. Out of abundance of caution, Plaintiff-Appellee John Doe provides only pseudonyms and no personally identifiable information in this motion.

Appellee-Plaintiff

John Doe

*Represented by*

BRUNINI, GRANTHAM, GROWER & HEWES PLLC
R. David Kaufman
M. Patrick McDowell
Jacob A. Bradley
P.O. Drawer 119
Jackson, MS 39205

O'MELVENY & MYERS LLP
Jonathan D. Hacker
1625 Eye Street, NW
Washington, DC 20006

Daniel M. Petrocelli
Megan K. Smith
1999 Avenue of the Stars, Eighth Floor
Los Angeles, CA 90067

Eric J. Amdursky
2765 Sand Hill Road
Menlo Park, CA 94025

Dated:  April 13, 2026          Respectfully submitted

                              By:    */s/ Jonathan D. Hacker*
                                     Jonathan D. Hacker

                              *Counsel for Appellee John Doe*

**PLAINTIFF-APPELLEE JOHN DOE'S OPPOSED MOTION TO EXPEDITE APPEAL AND GRANT CALENDARING PRIORITY**

Plaintiff-Appellee John Doe respectfully requests that the Court expedite briefing and grant calendaring priority under Fifth Circuit Rules 27.5, 34.5, and 47.7; Federal Rules of Appellate Procedure 27 and 45(b); and 28 U.S.C. § 1657(a). Defendant-Appellant Jane Roe will oppose this motion. Declaration of Megan K. Smith ("Smith Decl.") ¶ 2.

This collateral appeal concerns a single procedural question: whether the district court abused its discretion by ordering Ms. Roe (the defendant) to litigate under her real name rather than a pseudonym. If the Court affirms the district court's careful exercise of discretion, Ms. Roe will litigate using her real name. If the Court reverses, she may use a pseudonym. Either way, this case—filed nineteen months ago in September 2024—will proceed on the merits.

Good cause exists to modify the briefing schedule, expedite resolution of this appeal, and grant calendaring priority for any oral argument. Two federal district court cases remain stayed pending resolution of this procedural appeal, which has already caused demonstrable evidentiary prejudice, and the continued delay poses a concrete risk of additional harm.

The underlying case commenced nineteen months ago, but the pleadings have not yet been set and no discovery has taken place. Instead, pursuant to the magistrate judge's December 23, 2024 order, all discovery in the Mississippi district court

-1-

remains stayed pending resolution of omnibus motions to dismiss filed in October 2024. And, by order of the district court, the court will not resolve the omnibus motions until this Court resolves this appeal.

The practical impact of these orders is a complete bar on all proceedings. As a result, the parties face evidentiary prejudice with each passing day from the loss of documentary evidence (including evidence held by third parties), the loss of witnesses, and the fading of witnesses' memories. Good cause thus exists to modify the Court's April 10, 2026 Notice of Briefing Schedule to expedite briefing and grant priority for oral argument.

In support of this motion, Mr. Doe states:

## I.    Background

1.    Nineteen months ago, on September 13, 2024, Mr. Doe sued Ms. Roe in Mississippi federal court for defamation, false light invasion of privacy, and intentional infliction of emotional distress. ROA.1 Mr. Doe was forced to bring the lawsuit after Ms. Roe attempted to extort money from him based on false allegations of sexual misconduct, and then published those same defamatory allegations. ROA.1-5.

2.    In response, on October 3, 2024, Ms. Roe sued Mr. Doe in California state court, asserting similarly false sexual assault claims. ROA.220-246. Mr. Doe removed the case to the U.S. District Court for the Central District of California on

November 1, 2024.  ROA.341-344.

3.     On November 4, 2024, Ms. Roe filed omnibus motions in the court below to dismiss Mr. Doe's action, for judgment on the pleadings, or to transfer the case to the California federal court, where her lawsuit was pending (the "Omnibus Motions").  ROA.368.

4.     On November 8, 2024, in California federal court, Mr. Doe moved to dismiss or stay Ms. Roe's claims because they are compulsory counterclaims that must be brought in Mississippi, the venue of the first-filed action.  ROA.847.

5.     On December 11, 2024, the California federal court denied Mr. Doe's motion to dismiss without prejudice, ruling that "the most appropriate course of action is to allow the Mississippi court to adjudicate [Ms. Roe's] equitable arguments in the first instance."  ROA.848.  The court thus deferred to the Mississippi court and stayed the California action pending the outcome of Ms. Roe's motions there.  ROA.849.

6.     On December 23, 2024, the magistrate judge presiding over the case below *sua sponte* entered an order staying all discovery until after the district court resolved Ms. Roe's Omnibus Motions.  ROA.877-888.

7.     On September 24, 2025, the district court entered a thorough 22-page order denying Ms. Roe's motion to litigate under a pseudonym rather than her real

name (the "Pseudonymity Order").[2]  ROA.936-957.

8.    On September 30, 2025, the district court *sua sponte* stayed Ms. Roe's pending Omnibus Motions until the Pseudonymity Order is resolved, reasoning that from its anticipated ruling on the matter, "the able press surely will sniff out the identities of the parties."  ROA.959.

9.    On October 23, 2025, Ms. Roe filed a notice of appeal of the Pseudonymity Order under the collateral order doctrine.  Doc. No. 1.  Ms. Roe then filed a motion in this Court to seal the entire appeal from public view.  Doc. No. 26. This Court resolved that motion on February 24, 2026, ordering limited redactions (with unredacted filings temporarily held under seal) until it resolves this appeal on the merits.  Doc. No. 76.

10.    On April 8, 2026, Mr. Doe's counsel emailed Ms. Roe's counsel to inquire whether Ms. Roe would consent to the relief requested in this motion.  Smith Decl. ¶ 2.

11.    On April 10, 2026, the Court issued a briefing schedule, ordering the opening brief due May 20.  Doc. No. 104.  Absent extensions, that means the answering brief is due on June 19 and the reply brief on July 10.

12.    On April 13, 2026, the parties' counsel discussed this motion by phone.

---

[2] Mr. Doe detailed the background of Ms. Roe's pseudonymity motion when opposing her motion to seal the entire appellate record.  *See* Doc. No. 45.

Ms. Roe's counsel informed Mr. Doe's counsel that Ms. Roe would oppose the motion and any expedited briefing schedule.  Smith Decl. ¶ 2.

## II.     Good Cause Exists to Expedite This Appeal and Grant Calendaring Priority

13.     This Court may expedite an appeal, including the briefing schedule, grant "preference in processing and disposition," and "advance any case for hearing" for good cause.  5th Cir. R. 27.5, 34.5, 47.7.

14.     Good cause exists to expedite the briefing in this appeal and grant it calendaring priority.

15.     *First*, this case has already been pending for more than one and a half years without any substantive rulings.  A cascade of unrelated federal court orders entered by three different jurists have effectively stayed all proceedings in both the Mississippi and California court cases between the parties until this appeal is resolved.  Specifically, the California federal court stayed all proceedings in Ms. Roe's lawsuit until the Mississippi district court resolves the Omnibus Motions.  ROA.845-849.  The magistrate judge in Mississippi then stayed all discovery until the district court resolves the Omnibus Motions.  ROA.877-888.  The Mississippi district court, in turn, has stayed ruling on the Omnibus Motions until the Pseudonymity Order is resolved.  ROA.958.  As a result, all litigation in two federal courts—including a complete bar on discovery—remains halted until this appeal is resolved.

16.    *Second*, absent expedition of the briefing schedule and oral argument for this appeal, the long pause of proceedings in these cases will be further extended for no good reason.  This appeal has nothing to do, for example, with the merits of this case.  Nor does the appeal require the Court to consider, for instance, whether Ms. Roe must litigate at all, which in other contexts, such as qualified immunity, might justify a stay of proceedings pending appeal.  *See Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (noting that qualified immunity is more than a defense, it is immunity from the suit altogether, including protection from pretrial discovery).  Indeed, the opposite is true here: no matter how this Court rules, the parties must litigate Mr. Doe's claims against Ms. Roe.

17.    *Third*, the complete discovery stay in the district court has already caused the parties evidentiary prejudice, and a concrete, imminent risk of additional prejudice persists.  This case concerns whether Ms. Roe tortiously injured Mr. Doe by publicly making false allegations of sexual assault—and threatening to more widely publish those lies—unless he paid her millions of dollars.  ROA.1-6.  The false allegations of sexual assault that form the central part of Ms. Roe's claims allegedly occurred during a work trip in May 2019.  ROA.232.  On January 29, 2026, Mr. Doe's long-time publicist suddenly passed away.  Smith Decl. ¶ 3.  Mr. Doe's publicist witnessed certain events, including Ms. Roe's and Mr. Doe's interaction during the work trip.  Further delay poses a concrete risk that key eyewitness

testimony—what much of the merits of this case will turn on—will fade as memories dim. This risk is especially real given that many of the alleged events underlying the complaint and Ms. Roe's tortious demand took place many years ago.

18.     In addition to eyewitness testimony, the parties face evidentiary prejudice in connection with documentary and physical evidence. For example, Mr. Doe must prove, among other things, the falsity of Ms. Roe's allegation that he physically attacked and injured her. This will require, among other things, evidence from her physicians and other clinicians, unemployment and/or disability insurance claims, and call, text, direct message and email records. In light of the orders on pseudonymity and the blanket stay on discovery, Mr. Doe is presently barred from propounding subpoenas or even sending preservation notices to third parties that would prevent the loss of these critical materials. Any additional delay creates a risk that these records may be lost, destroyed, or disposed of by third parties.

19.     ***Finally***, expediting the appeal will cause no prejudice. The parties do not require the typical time to brief this single-issue appeal on a relatively limited record. Pseudonymity motions are routinely decided and present no novel issues; they are subject to a well-established test in this Circuit and receive deferential review for abuse of discretion.[3] *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

---

[3] Mr. Doe will argue in his merits brief that this Court should affirm the district court on this straightforward, single-issue appeal without oral argument.

## **Conclusion**

For all these reasons, Mr. Doe respectfully requests that the Court (1) modify the briefing schedule so that the opening brief is due two weeks from the date of the expedition order, with the answering brief due two weeks later and the reply brief two weeks after that; and (2) grant calendar priority for any oral argument to hear this case on its soonest available calendar, if at all.

Dated:  April 13, 2026                    Respectfully submitted

                                          By:    */s/  Jonathan D. Hacker*
                                                  Jonathan D. Hacker

                                          *Counsel for Appellee John Doe*

## Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 27 and 32(g), counsel for Plaintiff-Appellee certifies as follows:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion contains 1,683 words, excluding the parts of the response exempted by Fed. R. App. P. 27.

2. This response complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) because this motion has been prepared using Microsoft Office Word and is set in Times New Roman font in a size equivalent to 14 points or larger.

Dated:  April 13, 2026               Respectfully submitted

                                     By:    /s/  Jonathan D. Hacker
                                            Jonathan D. Hacker

                                     *Counsel for Appellee John Doe*

**Certificate of Service**

I certify that on April 13, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will provide notification of such filing to all CM/ECF participants.

Dated:  April 13, 2026                    Respectfully submitted

                                          By:    */s/  Jonathan D. Hacker*
                                                 Jonathan D. Hacker

                                          *Counsel for Appellee John Doe*